NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DISTRICT at ASHLAND

CIVIL ACTION NO. 07-CV-110-HRW

ANDRE D. GRANT                                                                PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

UNITED STATES EASTERN DISTRICT OF KENTUCKY                   RESPONDENT

**** **** **** ****

Andre D. Grant, an individual currently in the custody of the Federal Bureau of Prisons ("BOP"), at the Federal Prison Camp, in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion to Proceed *in forma pauperis*.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

The Petitioner asserts that he is wrongly being denied credit toward his federal sentence.

FACTUAL ALLEGATIONS

Petitioner Grant has submitted a partially completed common petition form for prisoners instituting Section 2241 proceedings, and he has attached certain documents to it.  The following is a summary or construction of the allegations contained therein.

Petitioner begins his factual allegations with his allegedly being free on state bond, when he surrendered on a federal warrant on December 21, 2004.  He claims that he was still in federal custody the next month, on January 26, 2005, when Ohio sentenced him to 2 years imprisonment.  He purportedly remained in federal custody until April 5, 2006, when the United States District Court for the Southern District of Ohio sentenced Grant to his current 60-month term of imprisonment.  He has taken an appeal, which is still pending in the United States Court of Appeals for the Sixth Circuit.

Grant attaches one page from the docket of the trial court showing the 60-month sentence for conspiracy to possess with intent to distribute and to distribute in excess of 100 kilos of marijuana.  It includes the direction that the sentence "be served concurrent with state charges; it is recommended that Defendant receive jail time credit for time previously served . . . ."  Exhibit [hereinafter "Ex."]  A.  Exhibit B is a sentence computation print-out showing that the BOP has acknowledged that the federal sentence is concurrent with a state sentence and that service of the federal sentence was deemed to commence on the April 5, 2006 date of its imposition.

Without informing the Court as to when he was transferred from federal to State custody, Grant writes on an appeal form to the BOP's Regional Director, dated August 10, 2007, that he was released from State custody on January 12, 2007.  This was prior to his "out date.  Mr. Grant is serving time twice for 3/4/04 thats double jeopardy."  *Id*.  Administrative Remedy No. 457736 is handwritten at the bottom of the form.  However, another exhibit has an earlier double jeopardy

argument on another form to the Regional Director, which is dated June 14, 2007, but not identified

by a number.  Ex. C.  Apparently the Petitioner sent this form, as he did herein, with an attached

handwritten argument about his entitlement to concurrent sentences.  *Id*.

Another exhibit, which is also designated as Exhibit C, is a June 29, 2007 response from the

Regional Director, rejecting and returning the "DHO appeal" in No. 457736, with the direction that

"If this is a DHO appeal, you must file with your incident report."  Later, Grant writes that he did

not "file my claim with report of incident. I was in the hole and could not respond."  Ex. E., dated

September 3, 2007, but this form has no remedy number.

On August 20, 2007, the Regional Office again returned Grant's appeal documents in No.

477736, this time referring to its topic as "Other Jail Time Credit" and giving as the reason for

rejection that Petitioner's appeal was untimely. Ex. D.  "Regional appeals (BP-10) must be received

within 20 days of the warden/CCM response or receipt of the DHO report."  In a "remarks" section

of the response the following appears: "Resubmitted as jail credit issue.  Refer to 453365-F1

untimely appeal of this issue; warden's response dat [sic] 06-04-2007."

"Exhibit E" is also written on the September 14, 2007, rejection of the No. 457736 appeal

by the BOP's Central Office.  This response also identifies the topic as "other jail time credit" and

gives as a reason for this rejection:  "You must file a separate appeal for each issue/concern you

wish to appeal.  If you are appealing an incident report, you must file your appeal with the region

first."

Petitioner complains that the BOP "did not take the time to read my claim" and that he was

misled by the BOP's Central Office.  He concludes as follows:

> . . . I have exhausted all avenues within the Bureau of prisons and now this situation
> mandates that the Sentencing Court review and award the proper Jail Credit.  I would

3

request that the Court would please hear my Claim so I can get closure and the appropriate amounts of time off of my current sentence being Served on the Federal level at Ashland Federal Prison in Ashland, Kentucky.

Record No. 2, attachment dated November 7, 2007.

## DISCUSSION

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241.  *See Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").  *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a § 2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy.  If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden.  *See* § 542.14(a).  If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied

with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel.  *See* § 542.15 (a) - (b).

The administrative procedure includes established response times.  § 542.18.  As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days.  Only one extension of time of 20-30 days, in writing, is permitted the agency.  There is even an expedited procedure for any request "determined to be of an emergency nature which threatens the inmate's immediate health or welfare."  *Id.*  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  *Id*.

In the case *sub judice*, his allegations to the contrary, the Petitioner has not demonstrated that he exhausted the BOP administrative remedy system.  *Woodford v. Ngo,* 126 S.Ct. 2378, 2387 (2006) (exhaustion requirement cannot be satisfied where prisoner fails to properly and timely invoke and exhaust grievance process).  Hence these claims must be dismissed for failure to exhaust administrative remedies.  *United States v. Oglesby,* 52 Fed.Appx. 712, 714 (6th Cir.2002); *Wesley v. Lamanna,* 27 Fed.Appx. 438, 438-39 (6th Cir.2001) (exhaustion required for habeas corpus petitions filed under Section 2241); *Baggett v. Stine*, 2006 WL 3524332, *2 (E.D.Ky. 2006).

In the hodgepodge of attachments to his petition herein, the Petitioner has demonstrated he began two administrative proceedings, but he does not demonstrate that he properly exhausted either of them or any other administrative proceeding(s).  If anything, Grant has demonstrated that he did not comply with the time requirements of the administrative procedures in either of the two numbered remedies he started.  He has precluded himself from judicial review by not adhering to those procedures.

5

Further, to the extent that Petitioner contends that the rejections show that the BOP did not read his submissions, it appears to the Court that Grant himself has muddied the waters as to what he was requesting of the BOP.   He refers to an incident report, so the BOP's reading that a disciplinary proceeding was involved, is not all the fault of the agency.   The Petitioner also provides one exhibit referring to an Administrative Remedy No. 453365-F1, but no information as to its topic or relevance.

Further, neither Grant's factual allegations in his petition nor the administrative remedy offerings clearly reveal what the facts and issues are.   Nowhere has he revealed when or where or for how long he was in jail, prior to both the State and Federal convictions; nor is it revealed where or when he served the State sentence.   Does the Petitioner seek jail credit for his time confined *prior to* the sentencings?   Or does he really want the time from the date of sentencing by the State, January 26, 2005 to the April 5, 2006 date when his federal sentence commenced?   Or both – from December 21, 2004-April 5, 2006?   Or a *nunc pro tunc* designation?

Although exhaustion may be excused where it would be futile, the Petitioner presents too little information for the Court to do so.   *See Reyes v. Nash*, 2006 WL 361387,  *2 n.1 (D.N.J. 2006).   One of the reasons that exhaustion of administrative remedies is required is to prepare a record for the Court.   *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).   The instant Petitioner, however, has provided virtually no record.   There is no copy or description of the Warden's, Regional Director's, or National Office's responses so as to show which computation issue (s) Grant presented and what the BOP's position was on the issue(s).

In addition to providing a record for the court, the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988) has pointed out other benefits which exhaustion yields:

6

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205. No benefit has been derived herein. In the face of such insufficient pleadings, confusing exhibits, and obvious failure to exhaust, it is the Court's duty to enforce the habeas exhaustion requirement.

Therefore, the Court will dismiss the instant petition without prejudice to Grant's ability to bring a later lawsuit on any or all of these computation issues, after proper exhaustion. The aforedescribed administrative remedies are not unduly burdensome, and with a projected released date of August 12, 2010, Petitioner has sufficient time to properly raise and exhaust any of them.

CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)    Andre D. Grant's Motion to Proceed *in forma pauperis* [Record No. 4] is **GRANTED**.

(2)    This action is **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This December 8, 2007.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**